United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                              Case No. 16-17867-amc
Jason A. Pratt                                                                                      Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: John              Page 1 of 1                  Date Rcvd: Sep 05, 2017
                             Form ID: pdf900         Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 07, 2017.
db             +Jason A. Pratt,    535 Summer Hill Drive,    Gilbertsville, PA 19525-8884
13848460       +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Sep 06 2017 02:44:16      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 06 2017 02:44:02
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 06 2017 02:44:07      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/PDF: gecsedi@recoverycorp.com Sep 06 2017 02:53:54      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 4

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2017                                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 5, 2017 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    MIDFIRST BANK bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    VW Credit, Inc. bkgroup@kmllawgroup.com
              MICHAEL SETH SCHWARTZ    on behalf of Debtor Jason A. Pratt msbankruptcy@verizon.net
              REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    VW Credit, Inc. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
                                                                                              TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jason A. Pratt <br>     Debtor | CHAPTER 13 |
| MIDFIRST BANK <br>     Movant <br> vs. | NO. 16-17867 AMC |
| Jason A. Pratt <br>     Debtor | |
| Melissa Pratt <br>     Co-Debtor | 11 U.S.C. Section 362 |
| William C. Miller <br>     Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,466.29,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 1, 2017 to August 1, 2017 at $2,634.93/month |
| Late Charges: | April 2017 to August 2017 at $69.33/month |
| Suspense Balance: | $86.01 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$14,466.29** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file a Motion to modify the Debtor's Chapter 13 Plan to include the post-petition arrears of **$14,466.29.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$14,466.29** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $2,634.93 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 9, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 8-28-17

Michael Seth Schwartz
Attorney for Debtors

Date: _____

William C. Miller
Chapter 13 Trustee

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 9, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date:_____

Michael Seth Schwartz
Attorney for Debtors

Date: 8-29-17

William C. Miller    JACK MILLER
Chapter 13 Trustee

Approved by the Court this _5th_ day of _September_____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Ashely M. Chan
Bankruptcy Judge