## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Jason A. Pratt | | CHAPTER 13 |
| | Debtor | |
| VW Credit, Inc. | | |
| | Movant | |
| vs. | | NO. 16-17867 AMC |
| Jason A. Pratt | | |
| | Debtor | |
| Melissa Anne Pratt | | 11 U.S.C. Sections 362 and 1301 |
| | Co-Debtor | |
| William C. Miller, Esq. | | |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage due under the Vehicle Retail Installment Contract ("Loan")

referenced in Movant's motion is **$2,110.64**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | December 2017 through March 2018 at $344.94/month |
| | (due on the 11th day of each month) |
| Attorney Motion Fees/Costs: | $731.00 |
| Less Suspense Balance: | $0.12 |
| **Total Post-Petition Arrears:** | **$2,110.64** |

2.    The Debtor(s) shall cure the aforesaid arrearage, while maintaining ongoing contractual payments

due under the Loan, in the following manner:

    a.    The arrears of $2,110.64 will be paid in full by March 31, 2018;

    b.    Debtor(s) shall maintain contractual monthly payments due under the Loan thereafter, beginning on March 11, 2018.

3.    Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled

checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

4.    In the event that any of the payments due under Section 2 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and

the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s)

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the

Court, upon which the Court shall enter an Order granting relief from the automatic stay and codebtor

stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to

waive with respect to said Order. The Order shall be in the form set forth in the proposed Order filed by

Movant with its Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter includes Movant's successors or assignees, should the claim be assigned or transferred.)

5.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court, and the Court shall enter an order granting Movant relief from the automatic stay.

6.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the Loan and applicable law.

8.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    February 28, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 3/13/18

Michael Seth Schwartz, Esquire
Attorney for Debtor

Date: 3-14-18

William C. Miller  JACK MILLER          NO
Chapter 13 Trustee                      objection


Approved and SO ORDERED by the Court this 19th day of March , 2018.
However, the court retains discretion regarding entry of any further order.

_____
Ashely M. Chan, United States Bankruptcy Judge